IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICARDO MANDRELL MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-193 |
| | ) | |
| LINCOLN COUNTY LAW ENFORCEMENT CENTER and ARIES HUNTER, Officer, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the United States Penitentiary in Atwater, California, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Lincoln County Law Enforcement Center in Lincolnton, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following Defendants: (1) Lincoln County Law Enforcement Center ("LEC") and (2) Aries Hunter, LEC Officer. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 19, 2015, Officer Hunter came into Plaintiff's cell, intentionally touched his penis multiple times, and used her body to press against Plaintiff while trying to remove Plaintiff's underwear. (Id. at 4-5.) Plaintiff reported the incident to jail officials, but nothing was done to protect Plaintiff from Officer Hunter's "ongoing discrimination and retaliation." (Id. at 4.) Plaintiff seeks $3,000,000 in damages. (Id. at 5.)

Plaintiff did not date his complaint or IFP motion, but his inmate account statement filed along with the complaint and IFP motion was printed October 16, 2018. (Doc. no. 3, p. 1.) The Clerk of Court received and filed Plaintiff's complaint on November 5, 2018. (See doc. no. 1.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is,

2

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Time Barred

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law

determines the date of accrual.  See Brown v. Georgia. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the events described in his complaint occurred, September 19, 2015.  Plaintiff did not date his complaint received and filed by the Clerk of Court on November 5, 2018.  However, giving Plaintiff every benefit of the doubt, the earliest date appearing on any paperwork associated with his initial filings is October 16, 2018, over three years after the alleged events occurred.  (Doc. no. 3, p. 1.)  To the extent Plaintiff may be suggesting some sort of on-going constitutional violation at LEC post-dating September 19, 2015, the Court's criminal docket shows that as of June 21, 2016, Plaintiff was incarcerated at Edgefield Federal Correctional Institution.  United States v. Mobley, CR 115-063, doc. no. 97 (S.D. Ga. June 23, 2016).[1]  Therefore, even if the Court were to assume Plaintiff resided at LEC until June 20, 2016, a complaint filed in October 2018 is time-barred.  Thus, Plaintiff's claims are outside of the two-year statute of limitations period and are subject to dismissal.

### 3. Even If the Claims Were Not Time-Barred, LEC Is Not Subject to Liability in a § 1983 Suit

Lastly, the LEC is not a proper party because county jails are not subject to liability under § 1983.  See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Thus, even if the claims were not time-barred, Plaintiff fails to state a claim upon which relief can be granted against LEC.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA