IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICARDO MANDRELL MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-193 |
| | ) | |
| LINCOLN COUNTY LAW | ) | |
| ENFORCEMENT CENTER and | ) | |
| ARIES HUNTER, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 11). The Magistrate Judge recommended dismissing the complaint for failure to state a claim upon which relief may be granted because (1) Plaintiff's claims are time-barred by the applicable two-year statute of limitations, and (2) even if the claims were not time-barred, Lincoln County Law Enforcement Center ("LEC") is not subject to liability in a § 1983 lawsuit. (See doc. no. 9.)

Plaintiff first argues he requested a form from the Clerk of Court, but never actually filed, an amendment to his complaint to "properly" state a claim against Defendant Hunter to make clear he is alleging a claim for cruel and unusual punishment and violation of his bodily privacy. (Doc. no. 11.) However, even if Plaintiff had amended his complaint in the manner he describes, the Magistrate Judge never addressed the substance of Plaintiff's

claims against Defendant Hunter because of the untimeliness of the allegations. (See doc. no. 9.) Amending details to clarify the type of civil rights complaint Plaintiff wishes to make against Defendant Hunter does not cure the statute of limitations problem upon which the Magistrate Judge primarily relied to recommend dismissal.

Plaintiff asserts in his objections he is entitled to equitable tolling of the two-year statute of limitations for his claims arising on September 19, 2015, and ending no later than June 21, 2016. According to Plaintiff, he was unable to obtain "vital information" about the dates and officers involved in Plaintiff's alleged mistreatment at LEC until September 12, 2018. (Doc. no. 11.) In support of his request for equitable tolling, Plaintiff provides copies of letters he wrote to Lincoln County officials, dated February 29, 2016, August 15, 2017, September 5, 2017, and May 7, 2018, requesting information about an investigation into unspecified deprivation of rights Plaintiff allegedly experienced while detained at LEC. (Doc. no. 11-1, pp. 1-4.) Plaintiff also attaches a copy of an envelope and a list of tracking numbers purporting to show he received some type of "papers" from the Lincoln County Sheriff's Office on September 12, 2018. (Id. at 5-6.)

"The general test for equitable tolling requires the party seeking tolling to prove that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Rager v. Augustine, -F. App'x-, No. 18-10834, 2019 WL 413750, at *2 (11th Cir. 2019) (*per curiam*) (citing Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016)). In other words, "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are

beyond his control and unavoidable even with diligence, which the plaintiff bears the burden of showing. Id. at *3.

Plaintiff is not entitled to equitable tolling because he has not pursued his rights diligently. First, Plaintiff does not identify what "vital information" he was unable to obtain until September 12, 2018. As the Magistrate Judge explained, Plaintiff knew or should have known of the alleged improper sexual touching by an officer at LEC on the date the event occurred, as Plaintiff was obviously present for the encounter. Moreover, Plaintiff concedes he reported the events to LEC officials when it occurred, so he had enough information at that time to sufficiently identify the officer allegedly involved. (See doc. no. 1, p. 4.)

Second, there are long periods of time separating the dates of Plaintiff's inquiries to Lincoln County officials. After writing a letter on February 29, 2016, requesting an investigative report, the next responsive letter is dated August 15, 2017, nearly one and a half years later. (Doc. no. 11-1, pp. 1-2.) Not only does Plaintiff fail to provide any information showing he pursued information for his case during that year and a half, but the August 15th letter explains the information may have been turned over to Plaintiff's attorney in 2016. (Id. at 2.) Plaintiff does not even suggest he checked with his attorney.

In sum, as thoroughly explained in the Report and Recommendation, Plaintiff's claims for events occurring at LEC on September 19, 2015, and ending at the latest on June 20, 2016, are time-barred by the two-year statute of limitations. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." Sensi v. Fla. Officers of Court, 737 F. App'x 433, 437 (11th Cir. 2018) (*per curiam*) (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)). Not only is it clear from the

face of the complaint Plaintiff had the information he needed to file his federal complaint well before expiration of the statute of limitations, but the documentation attached to Plaintiff's objections clearly shows Plaintiff failed to pursue his rights diligently in seeking out any additional information about his claims, particularly when there is no explanation as to what information he allegedly needed to obtain.

Accordingly, the Court **OVERRULES** all of Plaintiff's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted and **CLOSES** this civil action.

SO ORDERED this 4th day of March, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4